Dennis H. Cavanaugh (DC 3146)
D H CAVANAUGH ASSOCIATES
555 Fifth Avenue, 17th Floor
New York, New York 10017
Telephone:    212-856-7210
Facsimile:     212-856-7211

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/06
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WEARFIRST SPORTSWEAR, INC.,                    :

        Plaintiff,                    :          06 CV 0348 (PKC)

        -against-                    :

SOURCE ONE TRADING, INC.,                    :          **FINAL JUDGMENT**
                                                        **UPON CONSENT**
        Defendant,                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Wearfirst Sportswear, Inc. ("Wearfirst" or "Plaintiff") having filed a Complaint

in this action against, *inter alia,* Defendants Source One Trading, Inc., and Arnold Freund

(collectively **"Defendant"**) for trademark infringement and unfair competition under Federal and

state law based upon sales by Defendant of clothing bearing counterfeits of Plaintiff's WEAR

FIRST trademark, and the parties desiring to settle the controversy between them and having

resolved their claims, it is hereby

      ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

      1.     This Court has jurisdiction over the parties to this action; and has jurisdiction over

the subject matter hereof pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338.

      2.     Plaintiff is the exclusive licensee in the United States of the owner of the

following trademarks and their respective U.S. Trademark Registrations (hereinafter referred to

as the "Wearfirst Trademarks"):

| Trademark | U.S. Registration | Registration Date | Class |
|-----------|-------------------|-------------------|-------|
| WEAR FIRST | 1,981,670 | June 18, 1996 | 25 |
| WEAR FIRST 1 and Design | 2,611,773 | August 27, 2002 | 25 |
| WEARFIRST 1 and Design | 2,741,236 | July 29, 2003 | 25 |
| WF1 and Design | 2,741,237 | July 29, 2003 | 25 |

3.     Defendant's unauthorized distribution and sale after the date of this Order of unauthorized products bearing the Wearfirst Trademarks or one or more of them, or any colorable imitation thereof, will constitute trademark counterfeiting and infringement, the use of a false designation of origin, unfair competition and dilution of Wearfirst's rights.

4.     Defendant, its respective officers, agents, servants, employees and attorneys, and predecessors and successors, by whatever name, and all persons in active concert and participation with them, be and hereby are, permanently restrained and enjoined from:

(a)     Manufacturing, distributing, importing, advertising, promoting, holding out for sale and/or selling any products or services bearing or in connection with the Plaintiff's Wearfirst Trademarks or any colorable imitations thereof;

(b)     Directly or indirectly applying or using on products or services, or using in connection with the manufacture, importation, sale, distribution, marketing or promoting thereof the Plaintiff's Wearfirst Trademarks, or any marks, emblems, logos, decals or terms which in any way imitate or simulate the Plaintiff's Wearfirst Trademarks;

(c)     Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Wearfirst Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, importation, circulation or distribution of any products or services in such fashion as to relate or connect, or tend to relate or connect such products or services in any way to Plaintiff, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Plaintiff;

(d)     Making any statement or representation whatsoever, or using any false

2

designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, imported, distributed, offered for sale or sold by Defendant are in any manner associated or connected with Plaintiff or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(e)     Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's trademarks, or of Plaintiffs' rights in, or rights to use or to exploit, said trademarks, or constituting any dilution of Plaintiff's names, reputations or goodwill;

(f)     Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiff or in any manner to compete unfairly with Plaintiff by appropriating the distinctive features of the Plaintiff's Wearfirst Trademarks or associated artwork, formats, trade dress and other distinctive creative elements;

(g)     Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1(a) through (f) hereinabove; and

(h)     Secreting, destroying, altering, removing or otherwise dealing with infringing products or services or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting or displaying of any infringing products or services by Defendant.

5.     Concurrent with the execution of this Final Judgment Upon Consent, Defendant shall cause to be distributed in the same manner and through the same channels of distribution as its original press a retraction in form and text acceptable to Plaintiff or its counsel, and to provide Plaintiff's counsel with proof of same within three business days thereof.

6.     The parties have agreed that each shall bear its own costs and attorneys' fees, except that Defendant has agreed to pay Plaintiff a partial reimbursement of its legal fees pursuant to the settlement agreement being entered into by the parties.

7.      The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment and the associated settlement agreement, the enforcement thereof and the punishment of any violations thereof.

8.      In the event of any contempt of this Judgment, Plaintiff shall be entitled to its attorneys' fees and costs incurred in seeking enforcement thereof and/or the punishment of any violations thereof, as well the stipulated damages provided for in the associated settlement agreement.

9.      This Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the foregoing form or in such other form as the Court may approve.

**SOURCE ONE TRADING, INC.**

By

Moses Schwimmer

**WEARFIRST SPORTSWEAR, INC.**

By

Eric Ng

The undersigned counsel hereby consent to the form of this proposed Final Judgment

Upon Consent:

Dated: New York, New York
     July _6_, 2006

**D H CAVANAUGH ASSOCIATES**

By_____
Dennis H. Cavanaugh (DC 3146)
555 Fifth Avenue, 17th Floor
New York, New York 10017
(212) 856-7210

Attorneys for Plaintiff
Wearfirst Sportswear, Inc.

Dated: New York, New York
     July _6_, 2006

**SOURCE ONE TRADING, INC.**

By_____
Moses Schwimmer
616 Bedford Avenue
Brooklyn, New York 11211

Date_7-21-06_

SO ORDERED: New York, New York

_____
Hon. P. Kevin Castel, U.S.D.J.